**EXHIBIT "A"**



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

PetSmart LLC                                                                                    11/08/2021
Suzanne  Grant Paralegal
PetSmart LLC
19601 North 27th Avenue
Phoenix AZ 85027

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2021-922

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be
directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT:
All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to
SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** | PetSmart LLC |
|---|---|---|
| 2. | **Title of Action:** | John Banks vs. Petsmart, LLC; et al. |
| 3. | **Document(s) Served:** | Summons<br>Complaint for Damages<br>Civil Case Cover Sheet<br>Civil Case Cover Sheet Addendum and Statement of Location |
| 4. | **Court/Agency:** | Los Angeles County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 21STCV39759 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 11/05/2021 |
| 10. | **Date to Client:** | Monday 11/08/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Sunday 12/05/2021 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Timothy J. Ryan<br>Huntington Beach, CA<br>714-898-4444 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Also Attached:<br>* Notice of Case Assignment, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal
counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems
that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default
judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service
of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate
Creations Network Inc.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** PETSMART, LLC; and DOES 1 through, 20,
*(AVISO AL DEMANDADO):* inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JOHN BANKS
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER<br>*(Número del Caso):*<br>21STCV39759 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
TIMOTHY J RYAN & ASSOCIATES
8072 Warner Avenue, HUNTINGTON BEACH, CA 92647                    7148984444

| DATE: 10/28/2021<br>*(Fecha)* | Clerk, by<br>*(Secretario)* R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|

Sherri R. Carter Executive Officer / Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Petsmart, LLC

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jill Feeney

Electronically FILED by Superior Court of California, County of Los Angeles on 10/28/2021 02:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

1    **TIMOTHY J. RYAN, ESQ. SBN: 101309**
      **TIMOTHY J. RYAN & ASSOCIATES**
2    **ATTORNEYS AT LAW**
      8072 WARNER AVENUE
3    HUNTINGTON BEACH, CALIFORNIA 92647
      TELEPHONE (714) 898-4444
      FAX (714) 891-5802

4

5    Attorneys for Plaintiff

6

7

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10               **FOR THE COUNTY OF LOS ANGELES**

11

|  |  |
|---|---|
| 12  JOHN BANKS, | CASE NO.   21STCV39759 |
| 13        Plaintiff, | |
|                | COMPLAINT FOR DAMAGES |
| 14  vs. | (Personal injuries - Negligence) |
| 15  PETSMART, LLC; and DOES 1 through, 20, | AND DEMAND FOR JURY TRIAL |
|    inclusive, | |
| 16        Defendants, | |

17       Plaintiff complains and alleges:

18         1.    The true names and capacities of DOES 1 through 20, inclusive, whether individual,

19 corporate, associate or otherwise, are unknown to plaintiff at the present time; when plaintiff

20 ascertains such true names and capacities, he will ask leave of this court to amend this complaint to

21 set forth same.

22

23         2.    At all times mentioned herein, the defendants, and each of them, were the agents,

24 servants, permitees and employees, each of the other, and were acting within the course and scope of

25 said agency, permission and employment.

26 //

27 //

28

                          COMPLAINT

1    3.    The corporate structure and qualifications of the defendants, and each of them, are

2  unknown to plaintiff at the present time, but are well known to said defendants.

3

4    4.    At all times mentioned herein, the defendants and each of them, engaged, as a matter

of commercial actuality in purposeful economic activity within the City of Tujunga, County of Los

5  Angeles, State of California.

6

7    5.    On or about June 29, 2020,  Plaintiff JOHN BANKS, was lawfully on real property

8  located on or about 6348 Foothill Blvd,  in the City of Tujunga, County of Los Angeles, State of

9  California using a permanent ladder with due care, in a reasonably foreseeable manner, and for the

10  purpose for which it was created when he slipped and fell approximately twenty feet.  Unbeknownst

11  to the Plaintiff, the subject ladder did not have a protective cage which would have prevented the

12  fall.

13

14    6.    At all times mentioned herein, the defendants, PETSMART, LLC, and each of them,

15  did so negligently, carelessly and unlawfully, own, rent, lease, manage, maintain, inspect, warrant,

16  build, design, manufacture, remodel, subdivide, franchise, equip, alter, light, supervise, entrust,

17  operate, warn about, clean up and otherwise control said premises so that premises were unsafe,

18  dangerous and defective to persons, including plaintiff, using said premises.

19

20

21    7.    As an actual, direct and proximate result of the conduct and conditions alleged in

22  Paragraphs 4, 5 and 6 herein, plaintiff was caused to sustain severe injuries,

        a    With continuing suffering, discomfort, anguish and disability caused thereby, all

23  to her damage in excess of $25,000.00;

24        b.    Past hospital, surgical, medical and incidental expenses in sums not yet fully

25  known, but which sums are capable of being made certain by calculation.

26        c.    Future hospital, surgical, medical and incidental expenses, all to her damage in

27  excess of $25,000.00;

28        When those sums not yet fully known, become known, plaintiff, will ask leave of this

court to amend this complaint to set forth same.

COMPLAINT

WHEREFORE, Plaintiff JOHN BANKS, prays for judgment against the Defendants, and each of them, as follows:

1. For plaintiff's general damages in sums in excess of $25,000.00;

2. For plaintiff's hospital, surgical, medical and incidental expenses incurred, together with interest on said sums as is allowable pursuant to Civil Code Sections 3287 and 3288;

3. For plaintiff's future hospital, surgical, medical and incidental expenses, all to his damage in excess of $25,000.00;

4. For plaintiff's cost of suit incurred herein; and

5. For such and further relief as this court deems just and proper and necessary to do all that law allows.

DATED:  October 28, 2021                    TIMOTHY J. RYAN
                                                              & ASSOCIATES

                                                              _____
                                                              TIMOTHY J. RYAN, ESQ.
                                                              Attorney for Plaintiff

## JURY DEMAND

Plaintiff, JOHN BANKS demands a trial by jury on all claims so triable.

DATED:  October 28, 2021                    TIMOTHY J. RYAN
                                                              & ASSOCIATES

                                                              _____
                                                              TIMOTHY J. RYAN, ESQ.
                                                              Attorney for Plaintiff

COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

SBN: 101309

TIMOTHY J RYAN & ASSOCIATES
8072 Warner Avenue, HUNTINGTON BEACH, CA 92647
TELEPHONE NO.: 7148984444   FAX NO. *(Optional):* 7148915802
E-MAIL ADDRESS tim@tjryanlaw.com
ATTORNEY FOR *(Name):* John Banks

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: JOHN BANKS V. PETSMART, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 21STCV39759   JUDGE:   DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* One
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 28, 2021

Timothy J. Ryan, Esq.
_____
(TYPE OR PRINT NAME)         ▶         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: BANKS V. PETSMART, LLC | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☒ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

SHORT TITLE: BANKS V. PETSMART, LLC

CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: BANKS V. PETSMART, LLC | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus<br>☐  A6152  Writ - Mandamus on Limited Court Case Matter<br>☐  A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141   Sister State Judgment<br>☐  A6160  Abstract of Judgment<br>☐  A6107  Confession of Judgment (non-domestic relations)<br>☐  A6140  Administrative Agency Award (not unpaid taxes)<br>☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐  A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only<br>☐  A6040  Injunctive Relief Only (not domestic/harassment)<br>☐  A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121   Civil Harassment With Damages<br>☐  A6123  Workplace Harassment With Damages<br>☐  A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐  A6190  Election Contest<br>☐  A6110  Petition for Change of Name/Change of Gender<br>☐  A6170  Petition for Relief from Late Claim Law<br>☐  A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: BANKS V. PETSMART, LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☒ 1. ☐ 2. ☐ 3. ☒ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | | | ADDRESS:<br>6348 Foothill Boulevard |
|---|---|---|---|
| CITY:<br>Tujunga | STATE:<br>CA | ZIP CODE:<br>91042 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 28, 2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/28/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV39759 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Jill Feeney | 30 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record        Sherri R. Carter, Executive Officer / Clerk of Court

on 10/28/2021                                          By R. Perez _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

**FEB 24 2020**

Sheri R. Carter, Executive Officer/Clerk

By _____, Deputy
Carline Abino

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.: <br> ) <br> ) FIRST AMENDED STANDING ORDER <br> ) RE: PERSONAL INJURY PROCEDURES <br> ) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

      DATE: _____ AT 10:00 A.M.

**TRIAL:**

      DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

      DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1)(A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐   A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
☐   A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
☐   A7260 Product Liability (not asbestos or toxic/environmental)
☐   A7210 Medical Malpractice – Physicians & Surgeons
☐   A7240 Medical Malpractice – Other Professional Health Care Malpractice
☐   A7250 Premises Liability (e.g., slip and fall)
☐   A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
☐   A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

Page 2 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2  **FILING OF DOCUMENTS**

3  2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4  an exemption from mandatory electronic filing, parties must electronically file documents.

5  Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6  in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7  at www.lacourt.org (link on homepage).

8  **SERVICE OF SUMMONS AND COMPLAINT**

9  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)). On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change. To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date. Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date. Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  FSC date (C.C.P. § 595.2; Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,
2  parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties
3  may submit a maximum of two stipulations to continue trial, for a total continuance of six
4  months. Subsequent requests to continue trial will be granted upon a showing of good cause by
5  noticed motion.  This rule is retroactive so that any previously granted stipulation to continue
6  trial will count toward the maximum number of allowed continuances.

7  **NO CASE MANAGEMENT CONFERENCES**
8  7.      The PI Courts do not conduct case management conferences.  The parties need not file a
9  Case Management Statement.

10  **LAW AND MOTION**
11  8.      Any and all electronically-filed documents must be text searchable and bookmarked.
12  (*See* operative General Order re Mandatory Electronic Filing in Civil).

13  **COURTESY COPIES REQUIRED**
14  9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy
15  copies of certain documents must be submitted directly to the PI Court courtrooms at the
16  Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and
17  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
18  or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of
19  documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All
20  deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits
21  (C.R.C. Rule 3.1116(c)).

22  **RESERVATION HEARING DATE**
23  10.      Parties must reserve hearing dates for motions in the PI Courts using the Court
24  Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After
25  reserving a motion hearing date, the reservation requestor must submit the papers for filing with
26  the reservation receipt number printed on the face page of the document under the caption and
27  attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the
28  online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

2020-SJ-002-00

1   Friday, between 3:00 p.m. and 4:00 p.m.

2   **WITHDRAWAL OF MOTIONS**

3   11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4   immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the

5   PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6   the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7   needlessly prepare tentative rulings for these matters.

8   **DISCOVERY MOTIONS**

9   12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10   resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another

11   attorney with full authority to make binding agreements, must attend in person.  The PI judges

12   have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13   of the Court.

14   13.     Parties _must_ participate in an IDC _before_ a Motion to Compel Further Responses to

15   Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16   the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

17   an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18   noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

19   motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

20   of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21   filing a motion to compel further discovery responses in order to allow time to participate in an

22   IDC.

23         If parties do not stipulate to extend the deadlines, the moving party may file the motion

24   to avoid it being deemed untimely.  However, the IDC must take place before the motion is

25   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26   60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

27   Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

28   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

Page 5 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   that complies with the notice requirements of the Code of Civil Procedure.

2   14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at
3   www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates
4   in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor
5   must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form
6   LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt
7   as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting
8   forth that party's response, at least ten court days prior to the IDC.

9   15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to
10   resolve other types of discovery disputes.

11   **EX PARTE APPLICATIONS**

12   16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a
13   showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
14   "immediate danger," or where the moving party identifies "a statutory basis for granting relief
15   *ex parte*" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*
16   applications or to shorten time to add hearings to their fully booked motion calendars.  The PI
17   Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
18   danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*
19   relief, the moving party should reserve the earliest available motion hearing date (even if it is
20   after the scheduled trial date) and file a motion to continue trial.  Parties should also check
21   CRS from time to time because earlier hearing dates may become available as cases settle or
22   hearings are taken off calendar.

23   **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24   17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")
25   Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated
26   Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's
27   website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case
28   is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

Page 6 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,
2  the number of pretrial hearings or the complexity of issues presented.

3  18.    Parties opposing a motion to transfer have five court days to file an Opposition (using
4  the same LACIV 238 Motion to Transfer form).

5  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although
6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts
7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order
10  Re Final Status Conference, which shall be served with the summons and complaint.

11  **JURY FEES**

12  21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial
13  complaint (C. C. P. § 631, subd. (c)(2)).

14  **JURY TRIALS**

15  22.    The PI Courts do not conduct jury trials. On the trial date, a PI Court will contact the
16  Master Calendar Court, Department One, in the Stanley Mosk Courthouse. Department One
17  will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal
18  Courtrooms.

19  **SANCTIONS**

20  23.    The Court has discretion to impose sanctions for any violation of this general order
21  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

22
23
24  Dated:  Feb. 24, 2020

**SAMANTHA P. JESSNER**
Supervising Judge of Civil Courts

25
26
27
28

Page 7 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-004-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

1. **PURPOSE OF THE FSC**

    The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

    ///
    ///
    ///

Page 1 of 5

2.     **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.     **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.     **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.     **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.     **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**E.  LIST OF PROPOSED JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.  JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material. The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.  JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)). If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.  JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.  PAGE AND LINE DESIGNATION FOR**

**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

1    former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,

2    and 5) the Court's ruling.

3    **3.**      **EVIDENTIARY EXHIBITS**

4        The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5    the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6    organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7    witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8    description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties

9    have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10    parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit

11    binders will be required by the assigned trial judge when the trial commences. In the absence of

12    either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13    by all parties/counsel at the FSC.

14    **4.**      **TRIAL BINDERS REQUIRED IN THE PI COURTS**

15        The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16    following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17    available), tabbed and organized into three-ring binders with a table of contents that includes the

18    following:

19        Tab A:      Trial Briefs (Optional)

20        Tab B:      Motions in Limine

21        Tab C:      Joint Statement to Be Read to the Jury

22        Tab D:      Joint Witness List

23        Tab E:      Joint List of Jury Instructions (identifying the agreed upon and contested

24                    Instructions)

25        Tab F:      Joint and Contested Jury Instructions

26        Tab G:      Joint and/or Contested Verdict Form(s)

27        Tab H:      Joint Exhibit List

28

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and
            Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,
            answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _Feb. 24, 2020_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**FILED**
Superior Court of California
County of Los Angeles

OCT 08 2021

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Corina Albina

2021-SJ-018-00

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts at the Spring Street Courthouse | ) SECOND AMENDED SUPPLEMENTAL<br>) STANDING ORDER RE COVID<br>) PROTECTIVE MEASURES RELATED TO<br>) FINAL STATUS CONFERENCES IN<br>) PERSONAL INJURY CASES AT THE<br>) SPRING STREET COURTHOUSE<br>) |

In an effort to reduce the number of in-person appearances in the Personal Injury ("PI") courtrooms located in the Spring Street courthouse and to prevent the transmission of the COVID-19 virus, the court hereby issues this supplemental order to the Third Amended Standing Order re: Final Status Conference Personal Injury Courts dated February 24, 2020 ("Operative PI FSC Order").

## 1. ELECTRONIC TRIAL BINDERS

As set forth in the Operative PI FSC Order, parties/counsel must file and serve Trial Readiness Documents at least five calendar days prior to the FSC. Instead of providing the court that will be conducting the FSC with the trial binders as described in the Operative PI FSC Order and appearing in person, parties/counsel are ordered to provide the trial binders in electronic form. This will allow parties and attorneys to appear remotely for the final status conference and provide the court with the opportunity to review the trial binders to determine whether the parties/counsel are ready for trial. Hard copies of the binders prepared in accordance with the Operative PI FSC Order will continue to be required for the trial courtroom.

///

SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

## 2.   REQUIREMENTS OF ELECTRONIC TRIAL BINDERS

At least <u>two</u> court days before the FSC, parties/counsel must submit via email a joint electronic trial binder to the courtroom conducting the FSC as follows:

a.   The parties/counsel must submit in <u>one</u> PDF the joint statement of the case, joint witness list, joint list of jury instructions, full-text joint and contested jury instructions, joint and/or contested verdict form(s), joint exhibit list, and joint deposition designation chart as listed in paragraph 4 of the Operative PI FSC Order.

b.   The trial briefs and motions in limine, oppositions, and replies, if any, must be submitted in a separate PDF.

c.   The PDFs must be text searchable.

d.   The PDFs must be bookmarked which is essentially an electronic tab so that the FSC judge can easily find and navigate among the trial documents. (See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-pdfs.html and/or https://support.microsoft.com/en-us/office/ for bookmarking instructions).

e.   The PDFs must be emailed to the applicable email address listed below:

Department 27 at sscdept27FSC@LACourt.org

Department 28 at sscdept28FSC@LACourt.org

Department 29 at sscdept29FSC@LACourt.org

Department 30 at sscdept30FSC@LACourt.org

Department 31 at sscdept31FSC@LACourt.org

Department 32 at sscdept32FSC@LACourt.org

f.   The subject line in the email must include identifying case information as follows:

[Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of Hearing Date] (e.g. 19STCV00001 Trial Readiness Binder, FSC 01/11/2021).

SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

g.   Each email should have two PDFs attached – one containing the Trial Readiness documents and the other containing the trial briefs and motions in limine, if applicable.

h.   The parties need not submit the evidentiary exhibit binders at the FSC. However, the parties shall prepare the exhibit binders as required in paragraph 5 of the Operative PI FSC Order and be prepared to represent to the court that they have been properly prepared. Hard copies of the exhibit binders will be required for trial.

3.   **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Supplemental Standing Order to show cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer). In addition, failure to timely and fully comply with this order may result in the case not being assigned a trial courtroom by Dept. 1.

Dated: _10/8/2021_

David J. Cowan
Supervising Judge, Civil
Los Angeles Superior Court

Page 3 of 3

SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

**FILED**  2021-SJ-008-00
Superior Court of California
County of Los Angeles

**JUN 23 2021**

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
            Edward Adume

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | SIXTH AMENDED STANDING ORDER RE: MANDATORY SETTLEMENT CONFERENCE (Effective June 21, 2021) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court (Court) HEREBY AMENDS AND SUPERSEDES THE FEBRUARY 24, 2020 FIFTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING SIXTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a virtual Mandatory Settlement Conference (MSC) supervised by a judge and staffed by volunteer attorneys who have significant experience in handling these types of cases and are members of the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and or the Beverly Hills Bar Association, and have continuing professional interest as officers of the court in its successful operation.

1. Plaintiff's counsel shall within two (2) court days of the Court's Order of an MSC access the ResolveLawLA website at www.resolvelawla.com to create an account and register the case for MSC. Plaintiff's counsel must coordinate with defense counsel and select a mutually agreed upon date and time for the MSC prior to the trial date. Plaintiff's counsel shall also provide the name, email address, and phone number for defense counsel when registering the case for an MSC.

2021-SJ-008-00

2. A mandatory settlement conference statement shall be lodged by each party with the ResolveLawLA website and served on all parties not less than five (5) court days before the scheduled MSC. The settlement conference statement shall be limited to five (5) pages on the MSC Brief and ten (10) pages for exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday, excluding court holidays, and are conducted via Zoom.

3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons with full authority to settle the case (including insurance company representatives) must attend virtually via the website unless a judge has excused the virtual appearance for good cause. Once defense counsel is notified that the matter has been scheduled for a remote MSC, defense counsel shall create their own login to the resolvelawla.com system, and shall list all parties, party representatives and insurance adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be canceled, it must be canceled through the ResolveLawLA system.

4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall forthwith notify the courtroom to which the case is assigned of such settlement. The parties should also document their settlement agreement in a writing signed by all parties. Upon receiving notification, the ResolveLawLA system will send notifications via text and/or email and will include a Zoom link for counsel, the parties, and insurance representatives to join the remote MSC.

5. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order, to show cause why the Court should not impose monetary sanctions.

IT IS SO ORDERED.

Dated: ___6/23/21___

Judge David J. Cowan
Supervising Judge, Civil Division

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**     FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS

PLAINTIFF:

DEFENDANT:

| **STIPULATION — EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
               (INSERT DATE)                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):      FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

       i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

       ii. Include a brief summary of the dispute and specify the relief requested; and

       iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

       i. Also be filed on the approved form (copy attached);

       ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk s File Stamp |
|---|---|---|
| TELEPHONE NO.:                         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk s File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE:** The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   Online Dispute Resolution (ODR). Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

NOV 0 5 2021